Filed 3/15/13  P. v. Martinez CA1/4

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>PRIEST ROGELIO MARTINEZ,<br><br>        Defendant and Appellant. | A137183<br><br>(Lake County<br>Super. Ct. No. CR914276B) |

Defendant Priest Rogelio Martinez appeals a judgment entered after he pleaded no contest to kidnapping and robbery.  His counsel has filed an opening brief raising no issues and asking this court for an independent review of the record.  (*People v. Wende* (1979) 25 Cal.3d 436.)  Defendant has been informed of his right to personally file a supplemental brief, but he has not done so.

Defendant and two co-defendants, Anthony Scott Cape and James Paul Miller, were charged with kidnapping to commit robbery (Pen. Code,[1] § 209, subd. (b)(1)) (count one); kidnapping (§ 207) (count two); robbery (§ 211) (count three); assault with a deadly weapon by means of force likely to produce great bodily injury (§ 245, subd. (a)(1)) (counts four & five); and battery with great bodily injury (§ 243, subd. (d)) (count six).  As to counts one, two, three, four, and five, the complaint alleged defendant personally inflicted great bodily injury on the victim, Travis Tonne.  (§ 12022.7, subd. (a).)  The

---

[1] All statutory references are to the Penal Code.

1

complaint also alleged additional enhancement and strike allegations against defendant, including a prior prison term. (§ 667.5.)

According to a police report, Tonne and Miller went to a home in Clearlake to meet with defendant. Tonne had heard defendant was a "heavy," and hoped defendant could help him gain possession of a car for which he had partially paid. Tonne said Cape hit him and knocked him over while he was in the home. At defendant's direction, Cape zip-tied Tonne's hands and feet. They then took Tonne to the garage, removed his belongings from the trunk of his rental car, put him in the trunk of the car, and drove off. Tonne used his cell phone to call 911; when defendant and Cape realized he was doing so, they stopped the car, hit him a couple of times, and threatened to stab him. Tonne tried to open the trunk after he heard sirens; as he did so the trunk lid slammed back onto his head, causing a large laceration. Tonne heard Miller tell the driver to roll the car off a cliff. Tonne opened the trunk, rolled onto the ground, and hid in a ditch. As the car stopped, defendant, Cape, and Miller ran away. Tonne later said he had recently sold seven pounds of marijuana for $15,000, and he believed defendant, Cape, and Miller were trying to rob him of that money. Tonne also said Cape was angry because of a dispute between Tonne and Cape's girlfriend about their right to some marijuana.

Defendant originally pleaded not guilty to all counts. As part of a negotiated disposition, the trial court granted the prosecutor's motion to amend the complaint to reduce count three to second degree robbery. (§§ 211, 212.5.) Defendant signed a plea form, initialed the boxes indicating he understood his constitutional rights, and told the court he had read the form and understood his rights. He pleaded no contest to counts two and three, and admitted the prior prison term allegation, with the understanding that he would be sentenced to a prison term of seven years.

Before sentencing, defendant indicated he wished to withdraw his plea. The trial court appointed another counsel to represent defendant and file any appropriate motions. After reviewing the case, defendant's new attorney informed the court she had reviewed the case and found no grounds for a motion to withdraw the plea.

2

Consistent with the plea agreement, the trial court imposed a seven-year prison term, calculated as the five-year midterm for count two (§§ 207, subd. (a), 208, subd. (a)), a consecutive one year term for count three (§§ 211, 213, subd. (a)(2)), and one year for the prior prison term (§ 667.5, subd. (b)).  The court ordered defendant to pay fines and fees, and awarded 157 days credit.  The remaining charges and allegations were dismissed.

Defendant was represented by counsel throughout the proceedings.  He was advised of his constitutional rights before entering his plea.  We see no error or abuse of discretion in the trial court's rulings.  There are no meritorious issues to be argued.

DISPOSITION

The judgment is affirmed.

_____
RIVERA, J.


We concur:


_____
REARDON, ACTING P. J.


_____
HUMES, J.